IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN DANIELS,<br><br>　　　　Petitioner.<br><br>　　v.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　Respondent.<br>_____ | No. C 09-0388 MMC (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

　　　　On January 28, 2009, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his guilty plea, entered January 15, 2008 in the Santa Clara County Superior Court. Petitioner seeks leave to proceed in forma pauperis.

　　　　Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quotation and citation omitted). If available state remedies have not been exhausted as to all

claims raised in a federal habeas corpus petition, the district court must dismiss the petition. See Rose, 455 U.S. at 510.  A dismissal solely for failure to exhaust is not a bar to a petitioner's returning to federal court after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In the instant case, petitioner states in his petition that he is challenging his conviction on the grounds that counsel provided ineffective assistance by advising petitioner to plead guilty and petitioner's prosecution was in violation of the Double Jeopardy Clause.  Other information in the petition and attachments thereto, however, shows that such claims were not exhausted in state court.  Rather, the only claim petitioner has presented to the California Supreme Court is the one he raised in the sole state habeas corpus petition he filed in that court, specifically, his claim that the trial court wrongly refused to grant petitioner credit for the time he spent in jail prior to being sentenced.  The California Supreme Court summarily denied that petition on December 10, 2008.

Before petitioner may, by way of federal habeas corpus, raise claims challenging the validity of his plea, he must present such claims in the state courts, including the Supreme Court of California.  As petitioner has not presented his ineffective assistance of counsel and double jeopardy claims to the highest state court, he has not exhausted his state remedies.  Accordingly, the instant petition is hereby DISMISSED.  Such dismissal is without prejudice to petitioner's filing a new federal habeas petition once he has exhausted his state remedies by presenting his claims to the highest state court.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: July 17, 2009

_____
MAXINE M. CHESNEY
United States District Judge